IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY EDWARD SPENCER,<br><br>Plaintiff,<br><br>vs.<br><br>DR. VIRGINIA HILL, DR. STEVEN PALMERI, NURSE LORI SWANSON, NURSE JACK PRESTON, RICHARD OPPER, JOHN GLUCKERT and DR. PERINEAN,<br><br>Defendants. | CV 18-00028-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 5, 2019, Defendants filed a Motion to Compel Discovery contending that Plaintiff Timothy Spencer failed to respond to discovery requests and refused to confer with Defendants' counsel regarding the discovery issues. Defendants requested an order compelling discovery responses and if Mr. Spencer still failed to comply, Defendants requested sanctions against Mr. Spencer in the form of dismissing the case with prejudice. (Doc. 26.)

By Order dated August 29, 2019, Mr. Spencer was given until September 13, 2019 to file a response to Defendants' Motion to Compel. He was specifically advised that a failure to file a response to the motion may result in a

1

recommendation that the matter be dismissed. (Doc. 28.) Mr. Spencer did not respond.

Based upon Mr. Spencer's failure to comply with his discovery obligations and with the Court's August 29, 2019 Order (Doc. 28), this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a Court order.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Mr. Spencer refuses to respond to Defendants' discovery requests and he failed to comply with Court's Order to respond to Defendants' motion to compel. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Spencer refuses to comply with his discovery obligations and with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Spencer's refusal to comply with

3

discovery requests prejudices Defendants' ability to litigate this matter.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Spencer was served with discovery requests on June 7, 2019. (Doc. 26-1.) Counsel attempted to contact Mr. Spencer and informed him of his responsibilities to respond to discovery requests. Mr. Spencer nevertheless continued to not communicate with counsel and did not respond to discovery requests. Further, he failed to comply with the Court's Orders to respond to Defendants' motion to compel. (Docs. 27, 28.) The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and for failure to comply with the Court's orders.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court should be directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Mr. Spencer is entitled an additional three (3) days after the fourteen day period would otherwise expire to file his objections.

until entry of the District Court's final judgment.

DATED this 4th day of October, 2019.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge